UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MEAGAN COONS

                      Plaintiff,

      -against-

FAMILY COUNSELING CENTER OF
KEENE, N.Y., INC.

                      Defendant.
------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 1:17-cv-439 (TJM/CFH)

Jury Trial Demanded

MEAGAN COONS ("Plaintiff" or "Coons"), on behalf of herself and all others similarly situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs") by and through her attorneys, TULLY RINCKEY PLLC as and for her Complaint against FAMILY COUNSELING CENTER OF KEENE, N.Y., INC., hereinafter ("Defendant" or "Family Counseling"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that the Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL, N.Y. Lab. Law § 652(1); 12 NYCCRR § 142-2.1; (v) the requirement that employers pay wages to employees in accordance with the agreed terms of employment pursuant to NYLL §§ 190, 191, and 663(1);

1

(vi) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL, N.Y. Lab. Law § 195(3); (vii) the requirement from 2011 through 2014 under the New York State Wage Theft Prevention Act that employers furnish employees with wage notices annually and, as still in effect, at the time of hire containing specific categories of accurate information under the NYLL, N.Y. Lab. Law § 195(1)(a); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## PRELIMINARY STATEMENT

4. Coons worked for Family Counseling from in or around August, 2015 until on or about September 31, 2016 as a Domestic Violence Residential Advocate. Throughout her employment with Family Counseling, Family Counseling required Coons to work, and Coons did in fact work, in excess of forty (40) hours per week on an almost weekly basis.

5. Family Counseling failed to pay Coons and FLSA Plaintiffs at any rate of pay, let alone at the statutorily-required overtime rate of one and one-half times their standard rate of pay, their agreed upon straight time rate of pay, or even the minimum wage rate, for virtually all hours that Coons and FLSA Plaintiffs worked per week in excess of forty (40).

## JURISDICTION AND VENUE

6. Plaintiff invokes the jurisdiction of this Court, on behalf of herself and all other persons similarly situated during the applicable FLSA limitations periods, who suffered damages as a result of the Defendant's violations of the FLSA, pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Coons is and was a resident of Town of Mayfield, County of Fulton, State of New York, and is an "employee" entitled to protection as defined by the FLSA and NYLL.

9. At all relevant times herein, Family Counseling was and is a not-for-profit corporation organized under the laws of the State of New York, with a principal place of business located at 11-21 Broadway, Gloversville, New York 12078.

10. At all relevant times herein, Family Counseling was an "employer" within the meaning of the FLSA and NYLL.

11. Additionally, Family Counseling's qualifying annual business exceeds $500,000, as it provides paid-for services as a licensed mental health care provider through the Behavioral Health Clinic and other parts of its operation, and related thereto, Family Counseling receives payments directly from patients and through patients' medical insurance, and also operate a communications network of services that transverse state lines, the combination of which subjects the Defendant to the FLSA's overtime requirements as an enterprise.

12. As such, the Family Counseling's business exceeds $500,000.00, is subjected to the FLSA's overtime requirements as an enterprise.

13. Further, Family Counseling is a licensed health care provider for individuals who reside at its shelter, and others, and is thus subjected to the FLSA's overtime requirements as an enterprise.

14. The Family Counseling was and is engaged in interstate commerce within the meaning of the FLSA as it requires that employees of the Family Counseling center, including Coons and FLSA Plaintiffs, coordinate with entities inside and outside of New York State, including, but not limited to coordination with domestic violence centers and shelters both inside and outside of New York State; coordinate and arrange lodging for clients to travel out of state; make travel arrangements for transportation inside and outside of New York State, including air, bus and rail travel; and, coordinate with federal, state, and local police, both within and outside of New York State in order to safely transfer clients across state lines.

15. As such, this independently subjects Family Counseling to the overtime requirements of the FLSA with respect to Coons and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

16. Coons and FLSA Plaintiffs seek to bring this suit to recover from Defendant full payment of all unpaid minimum wages, overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf as well as those in the following collective:

> Current and former employees of Defendant who, during the applicable FLSA limitations period and continuing until judgment in this matter, performed any work for Defendants as "on call" employees, who give consent to file a claim to recover damages for (1) overtime compensation that is legally due to them for the time

worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

17. The Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid at an amount equal to the minimum hourly required rate of pay per hour worked; were required to work in excess of forty (40) hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

18. At all relevant times, the Defendant is and has been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty (40), yet they purposefully chose not to do so.

19. Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay their employees minimum wage and overtime compensation for all hours worked per workweek

## RULE 23 CLASS ALLEGATIONS

20. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on her own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendant subjected to violations of the NYLL, and the NYCCRR.

21. The Rule 23 Class that Plaintiff seeks to define includes:

Current and former employees of Defendant who, during the applicable NYLL limitations period and continuing until judgment in this matter, performed any work for Defendant within the State of New York, whom performed work "on call", who (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty (40) hours per week without receiving overtime compensation.

## Numerosity

22. During the previous six years, Defendant has, in total, employed at least forty (40) employees that are putative members of this class.

## Common Questions of Law and/or Fact

23. There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendant required and require each Rule 23 Plaintiff to perform; whether the Defendant denied Rule 23 Plaintiffs compensable time for all hours worked; whether the Defendant required and require each Rule 23 Plaintiff to work in excess of forty (40) hours per week; whether the Defendant compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective straight-time rates of pay for hours worked per week over forty (40) or at the legally-prescribed minimum wage rate for each hour worked; whether the Defendant kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; whether the Defendant kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendant maintains any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendant's violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

24. As described in the facts section below, Plaintiff often worked as an "on call" worker." Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendant at one or more of their locations in excess of forty (40) hours per week, as non-managerial employees whom the Defendant paid on an hourly basis regardless of hours actually worked. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid their full straight-time rate for all hours worked up to forty (40), and one and one-half times their straight-time rates for all hours worked per week in excess of forty (40), and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury including lack of compensation or under-compensation due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or the Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

### Adequacy

25. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendant. The Defendant did not pay Plaintiff overtime pay for her hours worked over forty (40) each week, or compensate Plaintiff for all hours worked at the minimum wage rate, which is substantially-similar to how the Defendant paid the Rule 23 Plaintiffs. Plaintiff is no longer employed with the Defendant, and thus has no fear of retribution for her testimony. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendant's Answer. Thus,

Plaintiff would properly and adequately represent the current and former employees whom the Defendant has subjected to the treatment alleged herein.

### Superiority

26. Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by a non-managerial employee of the Defendant would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under FRCP 23(b)(3).

29. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

30. Coons' employment with Family Counseling spanned from in or around August, 2015 until on or about September 31, 2016.

31. Family Counseling is an enterprise that provides, among other services, domestic counseling, shelter, and mental health care services.

32. Coons was employed with Family Counseling in the title of Domestic Violence Residential Advocate performing all necessary direct services to survivors of domestic violence, including intakes, advocacy, transportation and referrals, Office of Victims Services claims assistance, accompaniment to court and other criminal justice system related appearances, and

working on-call for the twenty-four (24) hour call center, and travel directly to domestic violence victims for the on-call center.

## COONS' HOURS AND COMPENSATION

33. In this position, from in or around August, 2015 through in or around September 31 2016, Family Counseling required Coons to work a full time forty (40) hour week, and in addition, from at least March 2, 2015 to work "on call" weekends on a periodic basis, which often consisted of one (1) or two (2) twenty-four (24) hour shifts performing her regular work duties. Coons was compensated for only forty (40) hours per week for this work schedule, plus a thirty ($30.00) dollar stipend for the weekend, resulting in her being unpaid at any rate for approximately twenty-four (24) to forty-eight (48) hours of work, when she should have been paid overtime.

34. From on or about March 2, 2015 until on or about March 28, 2016, Coons was paid an hourly rate of eight dollars and seventy-five cents ($8.75). An example of Family Counseling's failure to pay Coons the lawful overtime rate occurs for the pay period from March 2, 2015 until March 3, 2015, when Coons was credited two (2) hours at a rate of thirty dollars ($30.00) per unit, for a total of sixty dollars ($60.00) for that pay period, and Family Counseling incorrectly calculated eighty-two (82) hours total worked for the biweekly pay period, or approximately forty-one (41) hours per week. In reality, each unit for a weekend on-call period represented a single twenty-four (24) hour shift, and therefore two (2) units for a pay period meant that she had worked forty-eight (48) hours total of on-call time, at twenty-four (24) hours per week. If the on-call hours had been properly credited, her total number of hours for each week would have been approximately sixty-four (64) hours, and therefore, twenty-four (24) of the hours for that week were required to be compensated at a rate of one and a half times her

normal rate, or $13.13. Instead, only one (1) hour was credited as overtime per week, at a rate of thirty dollars ($30.00) per hour.

35. From on or about March 28, 2016, Coons' hourly rate was eleven dollars and seventy-nine cents ($11.79). As and for another example of Family Counseling's failure to pay the appropriate wage, for the pay period covering July 4, 2016 until July 17, 2016, for her weekend on-call period, she was credited two (2) hours at a rate of thirty dollars ($30.00) per unit, for a total of sixty dollars ($60.00) for that pay period, and Family Counseling incorrectly calculated eighty-two (82) hours total worked for the biweekly pay period, or approximately forty-one (41) hours per week. In reality, each unit for a weekend on-call period represented a single twenty-four (24) hour shift, and therefore two (2) units for a pay period meant that she had worked forty-eight (48) hours total of on-call time, at twenty-four (24) hours per week. If the on-call hours had been properly credited, her total number of hours for each week would have been approximately sixty-four (64) hours, and therefore, twenty-four (24) of the hours for that week were required to be compensated at a rate of one and a half times her normal rate, or $17.69. Instead, only one (1) hour was credited per week, at a rate of thirty dollars ($30.00) per hour.

36. The Defendant treated all FLSA Plaintiffs and Rule 23 Plaintiffs the same or similar as Plaintiff with respect to the hours that the Defendant required them to work and the rates and methods of payment that the Defendant paid to them.

## COONS' JOB DUTIES WHILE WORKING OVERTIME

37. While Coons and FLSA Plaintiffs were on overtime duty working for Family Counseling, Coons and FLSA Plaintiffs were required to performed the following duties: required to be available to answer calls from individuals who call Family Counseling's hotline; required to stay within twenty (20) minutes driving distance of the shelter and would be

reprimanded for straying too far; and, consistently take calls from clients and potential clients and log them in a computer tablet system. Coons and FLSA Plaintiffs were unable to engage in any significant personal or social activities during the times they were on call because of both the geographic limitations and the requirement that they answer calls at any time and be ready to dispatch to a client at any time.

## FIRST CLAIM FOR RELIEF AGAINST FAMILY COUNSELING
*Unpaid Overtime under the FLSA*

21. Coons and FLSA Plaintiffs reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty (40) in a workweek.

23. As described above, Family Counseling is an employer within the meaning of the FLSA, while Coons and FLSA Plaintiffs are employees within the meaning of the FLSA.

24. As also described above, Coons and FLSA Plaintiffs worked in excess of forty hours every other week, yet Family Counseling failed to compensate Coons and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

25. Family Counseling's actions were in willful violation of the FLSA. Coons and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their regular rate of pay.

26. Coons and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for Family Counseling's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST FAMILY COUNSELING
*Minimum Wage Violations of the FLSA*

27. Coons and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

29. As described above, Family Counseling is an employer within the meaning of the FLSA, while Coons and FLSA Plaintiffs are employees within the meaning of the FLSA.

30. As also described above, Family Counseling did not compensate Coons and FLSA Plaintiffs at the minimum hourly rate for each hour worked.

31. Family Counseling's actions were in willful violation of the FLSA. Coons and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour they worked for Family Counseling pursuant to the FLSA's minimum wage provisions.

32. Coons and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for Family Counseling's violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST FAMILY COUNSELING
*Unpaid Overtime under the NYLL and NYCCRR*

33. Coons and FLSA Plaintiffs repeat, reiterate, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. NYLL § 160 and the executing provisions of 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty(40) in a workweek.

35. As described above, Family Counseling is an employer within the meaning of the NYLL, while Coons and FLSA Plaintiffs are employees within the meaning of the NYLL.

36. As also described above, Coons and FLSA Plaintiffs frequently worked in excess of forty (40) hours, yet Family Counseling failed to compensate Coons and FLSA Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

37. Family Counseling's actions were in willful violation of the NYLL and NYCCRR.

38. Coons and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at one and one-half times his regular rate of pay.

39. Coons and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Family Counseling's violation of the NYLL's and NYCCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST FAMILY COUNSELING
*Minimum Wage Violations of the NYLL and NYCCRR*

40. Coons and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. NYLL § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

42. As described above, Family Counseling is an employer within the meaning of the NYLL, while Coons and FLSA Plaintiffs are employees within the meaning of the NYLL.

43. As also described above, Family Counseling did not compensate Coons and FLSA Plaintiffs at the minimum hourly rate for each hour worked.

44. Family Counseling's actions were in willful violation of the NYLL and NYCCRR.

45. Coons and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour they worked for Family Counseling pursuant to the NYLL's and NYCCRR's minimum wage provisions.

46. Coons and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Family Counseling's violation of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST FAMILY COUNSELING
*Failure to Pay Wages in Violation of the NYLL*

47. Coons and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

49. Family Counseling failed to compensate Coons and FLSA Plaintiffs at their regular rate of pay for each hour that they worked in accordance with their terms of employment.

50. Family Counseling's actions were in willful violation of the NYLL.

51. Coons and FLSA Plaintiffs are entitled to recover, at their regular rate of pay, for all hours that they worked for Family Counseling but for which Family Counseling did not compensate them.

52. Coons and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Family Counseling's failure to pay wages in accordance with the agreed terms of employment.

### SIXTH CLAIM FOR RELIEF AGAINST FAMILY COUNSELING
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

53. Coons and FLSA Plaintiff repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

55. As described above, Family Counseling willfully failed to furnish Coons and FLSA Plaintiffs on each payday with accurate wage statements containing the criteria required under the NYLL.

56. Pursuant to N.Y. Lab. Law § 198(1-d), Family Counseling is liable to Coons and FLSA Plaintiffs in the amount of $100 for each failure of this sort.

57. For Family Counseling's failures, besides the statutory penalties, Family Counseling is also liable to Coons and FLSA Plaintiffs for liquidated damages, attorneys' fees, and costs.

### SEVENTH CLAIM FOR RELIEF AGAINST FAMILY COUNSELING
*Failure to Furnish Wage Notices in Violation of the NYLL*

58. Coons and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. N.Y. Lab. Law § 195(1)(a) requires that employers furnish employees with a wage notice at the time of hire.

60. As described above, Family Counseling willfully failed to furnish Coons and FLSA Plaintiffs with a wage notice containing the accurate criteria enumerated under the NYLL.

61. Pursuant to N.Y. Lab. Law § 198(1-b), Family Counseling is liable to Coons and FLSA Plaintiffs in the amount of fifty ($50) dollars for each work week that the violations occurred or continue to occur, but not to exceed a total two thousand five hundred dollars

($2,500), together with costs and reasonable attorneys' fees. Family Counseling's failures, besides the statutory penalties, Family Counseling is also liable to Coons and FLSA Plaintiffs for liquidated damages, attorneys' fees, and costs.

## DEMAND FOR A JURY TRIAL

62. Pursuant to Federal Rule of Civil Procedure 38(b), Coons and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Coons and FLSA Plaintiffs demand judgment against Family Counseling as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

B. Preliminary and permanent injunctions against Family Counseling and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C. An order restraining Family Counseling from any retaliation against Coons and FLSA Plaintiffs for participation in any form in this litigation;

D. All damages that Coons and FLSA Plaintiffs have sustained as a result of Family Counseling's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Coons and FLSA Plaintiffs would have received but for Family Counseling's unlawful payment practices;

E. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

F.	Awarding Coons and FLSA Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs;

G.	Pre-judgment and post-judgment interest, as provided by law; and

H.	Granting Coons and FLSA Plaintiffs any further relief as this Court finds necessary and proper.

Dated:  April 4, 2017
        Albany, New York

Respectfully submitted,

TULLY RINCKEY, P.L.L.C.
*Attorneys for Plaintiff Meagan Coons*
441 New Karner Road
Albany, New York 12205
(518) 218-7100
(518) 218-0496

By: _____
Kelly A. Magnuson
Bar Roll No.: 519535

By: _____
Nicholas A. Devyatkin, Esq.
Bar Roll No.: 520475