UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEAGAN COONS,

                Plaintiff,

  v.                                                      No. 1:17-CV-439
                                                         (TJM/CFH)

FAMILY COUNSELING CENTER OF
FULTON COUNTY, INC.,

                Defendant.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Meagan Coons brought this action against her former employer, Defendant Family Counseling Center of Fulton County ("FCC"), asserting, *inter alia*, that FCC failed to compensate her in accordance with the overtime and minimum wage requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See* Am. Compl. Dkt. No. 19;[1] Coon Decl., Dkt. No. 28-2, Pl. Ex. A. Plaintiff's FLSA claims arise from duties she claims she was required to fulfill while working "on-call" and "back up on call" shifts as a Domestic Violence Coordinator. She contends that given the nature of her on-call duties, she should have been - but was not - compensated in accordance with the FLSA's minimum wage and overtime requirements. *See* Am. Compl. Dkt. No. 19; Coon Decl., ¶¶ 5-8. Plaintiff moves

---

[1] Plaintiff also asserts that Defendant violated New York law, but the state-law claims are not relevant to the instant matter.

for conditional certification of her FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b),[2] and for an order compelling Defendant to provide Plaintiff with the names and addresses of potential opt-in plaintiffs. Dkt. No. 28. Plaintiff seeks conditional certification of the following representative class:

> Current and former employees of Defendant during the time period from [3 years prior to the date of the Court's conditional certification] to the present who worked as Domestic Violence Coordinators, or in comparable roles with different titles, and performed "on call" or back up "on call" shifts, who give consent to file a claim to recover damages for (1) overtime compensation that is legally due to them for the time worked in excess of forty (40) hours per week; and/or (2) minimum wages that are legally due to them.

Dkt. No. 28-2, Pl. Ex. E.

Defendant opposes the motion to the extent it seeks conditional collective certification. Dkt. No. 29.

The Hon. Christian F. Hummel, United States Magistrate Judge, reviewed the motion and recommends that it be granted in its entirety. *See* July 27, 2018 Report-Recommendation and Order, Dkt. No. 44. Familiarity with Magistrate Judge Hummel's Report-Recommendation and Order is presumed. Defendant files objections to Magistrate Judge Hummel's recommendations. Dkt. No. 45. For the reasons that follow, these objections are overruled.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified

---

[2] Section 216(b) of the FLSA authorizes employees to maintain collective actions where they are "similarly situated" with respect to the alleged violations of the FLSA. 29 U.S.C. § 216(b). Similarly situated employees must "opt in" to an action by filing a "consent in writing to become ... a party." *Id.*

2

proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings).  After reviewing the report recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

To the extent Defendant challenges the conditional collective certification recommendation on the ground there is insufficient evidence to find Plaintiff and the potential opt-in plaintiffs, especially those who worked "back-up on-call" shifts, similarly situated, the argument is rejected.  Plaintiff submitted her own declaration and a declaration from Hallie Ehlen, a former employee at FCC who worked a substantially similar position to plaintiff. *See* Ehlen Decl., Dkt. No. 28-2, Pl. Ex. B.  Both assert that they "worked on-call, or as back up on call, for [FCC's] twenty-four (24) hour call center." Coon Decl. ¶ 6; Ehlen Decl. ¶ 9.  Further, both assert that while they were working on call, they were "unable to engage in any significant personal or social activities . . . because of both the geographic limitations and the requirement that [they] answer calls at any time and be ready to dispatch to a client at any time." Coon Decl. ¶¶ 6-8; Ehlen Decl. ¶¶ 7-11.  Both also assert that they were not paid in accordance with the over-time and minimum wage requirements of the FLSA for their work for Defendant.  Coon Decl. ¶¶ 10-17; Ehlen Decl. ¶¶ 13-19. Finally, both assert that they are aware of other "similarly situated employees [who] were paid

according to the same unlawful pay policy that caused [Coon and Ehlen] to be paid less than minimum wage and no overtime pay." Coon Decl. ¶¶ 18-20; Ehlen Decl. ¶¶ 20-23.

While neither Plaintiff nor Ehlen differentiate their functions while working "on-call" and "back-up on-call" shifts, their factual allegations about their general on-call duties, their deficient compensation, and their knowledge of other similarly situated employees, satisfies Plaintiff's "modest factual showing" at the first step of the collective action certification process demonstrating that Plaintiff and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)(citing *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Singh v. City of New York*, 524 F.3d 361 (2d Cir. 2008);[3] *O'Neill v Mermaid Touring, Inc.*, 968 F. Supp. 2d 572, 581 (S.D.N.Y. 2013);[4] 29 C.F.R. § 553.221(c).[5] These declarations are sufficient to "find 'some identifiable factual nexus which binds the named plaintiff[] and potential class members together as victims' of a particular practice," *Alvarez v. Schnipper Restaurants LLC*, No. 16 Civ. 5779 (ER), 2017 WL 6375793, at *2 (S.D.N.Y. Dec. 12, 2017)(quoting *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp.2d 340, 346 (E.D.N.Y. 2012)), and therefore provide a sufficent basis for conditional collective certification. *See Escobar v. Motorino E. Vill. Inc.*, No. 14 Civ. 6760 (KPF), 2015 WL

---

[3](employees may seek compensation for time spent "on call" where their employer restricts their ability to use time freely for their own benefit)

[4]("Courts have consistently held that 'on-call' time can constitute work and is compensable under the FLSA where an employer restricts an employee's ability to use time freely for the employee's own benefit.")(citing, *inter alia, Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S. Ct. 165, 89 L. Ed. 118 (1944)("Readiness to serve may be hired, quite as much as service itself, and time spent lying in wait for threats to the safety of the employer's property may be treated by the parties as a benefit to the employer."))

[5]("Time spent away from the employer's premises under conditions that are so circumscribed that they restrict the employee from effectively using the time for personal pursuits ... constitutes compensable hours of work.")

4726871, at *2 (S.D.N.Y. Aug. 10, 2015).[6]

To the extent Defendant challenges the conditional collective certification recommendation on the ground Plaintiff and the potential opt-in plaintiffs are not similarly situated, the argument is rejected. Whether Plaintiff and the opt-in plaintiffs are similarly situated is an issue that should be addressed through a motion for decertification, which is the second step of the collective certification process. *See Pollock v. Legends Hospitality, LLC*, Slip Copy, 2013 WL 3863864, at *2 (S.D.N.Y. July 25, 2013).[7] It is during the second step that "the court undertakes a more stringent factual determination as to whether members of a class are, in fact, similarly situated." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); *see Myers*, 624 F.3d at 555.[8] The potential for decertification does not defeat conditional collective certification.

To the extent Defendant challenges the conditional collective certification recommendation on the ground Plaintiff and the potential opt-in plaintiffs did not actually experienced FLSA violations when working "on-call" of "back-up on-call" shifts, the argument is rejected. At the first stage of the collective certification process, the Court is not to evaluate the merits of the claims. *Hoffmann-La Roche*, 493 U.S. at 174; *see Hypolite*

---

[6]("[A]n FLSA collective action may be conditionally certified upon even a single plaintiff's affidavit.")(collecting cases)

[7]("At the second step, defendants have the opportunity to move for decertification if, after additional discovery, the record shows that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiff(s).")

[8]("The action may be 'de-certified' if the record reveals that [the opt-in plaintiffs are not in fact 'similarly situated' to the named plaintiff], and the opt-in plaintiffs' claims may be dismissed without prejudice.")

*v. Health Care Servs. of N.Y. Inc.*, 256 F. Supp. 3d 485, 489 (S.D.N.Y. 2017).[9] Defendant may, if it chooses, address this issue through a motion for summary judgment, *see O'Neill*, 968 F. Supp. 2d at 579-83,[10] but it is not an issue that defeats conditional collective certification. *See Jackson v. Bloomberg*, L.P., 298 F.R.D. 152, 158 (S.D.N.Y. 2014).[11]

To the extent Defendant raises objections that are not addressed here, the Court has conducted a *de novo* review of Plaintiff's motion and determines to adopt Magistrate Judge Hummel's recommendations for the reasons stated in his thorough report.

## IV.  CONCLUSION

For the reasons discussed above, the Court **ACCEPTS** and **ADOPTS** the recommendations in Magistrate Judge Hummel's July 27, 2018 Report-Recommendation and Order (Dkt. No. 44).  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Conditional Collective Certification (Dkt. No. 28) is **GRANTED**, and the persons authorized to opt-in as collective action plaintiffs include those falling within the following class:

> Current and former employees of Defendant during the time period from 3 years prior to the date of this Decision and Order to the present who worked as Domestic Violence Coordinators, or in comparable roles with different titles, and performed "on call" or back up "on call" shifts, who give consent to file a claim to recover damages for (1) overtime compensation that is legally due to them for the time worked in excess of forty (40) hours per week; and/or (2)

---

[9]("[A]t the conditional certification stage, 'the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'")(quoting *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010))

[10](addressing defendants' summary judgment motion challenging whether plaintiff's "on-call" time constitutes work and is compensable under the FLSA)

[11]("If the employees are similarly situated ..., 'any factual variances that may exist between the plaintiff and the putative class [will] not defeat conditional ... certification.'" (quoting Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) ).

minimum wages that are legally due to them.

and it is further

**ORDERED** that within thirty (30) days of this Decision and Order, Defendant must provide Plaintiff with the names and addresses of potential opt-in plaintiffs who were employed as Domestic Violence Coordinators, or in comparable roles with different titles, and who worked on-call shifts and/or back-up on call-shifts three years prior to the date of this Decision and Order; and is further

**ORDERED** that Plaintiff is permitted to send the proposed notice and consent form to the potential opt-in plaintiffs.

**IT IS SO ORDERED.**

Dated: August 23, 2018

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge